```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


UNITED STATES OF AMERICA                              RESPONDENT

VERSUS                              CIVIL ACTION NO. 5:06cv16DCB
                                 CRIMINAL ACTION NO. 5:01cr26DCB

JOHN L. WILLIAMS, JR                                   PETITIONER
```

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner John L. Williams, Jr.'s Motion to Reduce Sentence [**docket entry no. 59**], Motion to Elect [**docket entry no. 70**], and Motion to Vacate Under 28 U.S.C. § 2255 [**criminal docket entry no. 71; civil docket entry no. 1**]. Having reviewed the Motions, Briefs, Response, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

## FACTS

At the conclusion of a high speed chase in 1998, Sharkey County, Mississippi Deputy John L. Williams, Jr. intentionally fired upon and struck the fleeing victim. At the time of the shooting, Victim Adam Hall was unarmed and had raised his hands in surrender. On June 24, 2002, Williams was convicted of violating 18 U.S.C. § 242, Deprivation of Rights Under Color of State Law, and 18 U.S.C. § 924(c)(1)(A), Discharge of a Firearm During and in Relation to a Crime of Violence. The petitioner was sentenced to 138 months of confinement. Having exhausted his direct appeals,

Williams now moves for a reduction of his sentence pursuant to 28 U.S.C. § 2255.[1]  Williams claims that his conviction and sentence were unconstitutional for three reasons: (1) Williams argues that he had a right to shoot the victim because the victim was a fleeing felon, (2) Williams claims that the Court excluded him from in camera proceedings, and (3) Williams alleges that the prosecutor suborned the perjury of two fact witnesses, Officer Robert Earl Barfield and Victim Adam Hall.  Each argument will be considered in turn.

## DISCUSSION

### I.   The Right to Use Deadly Force to Apprehend a Fleeing Felon

In his petition, Williams argues that he was denied due process because his "action of shooting Mr. Adam Hall [was] still within the defendant's official job safety duty on the phase of apprehending a run-away criminal and also, this felon Mr. Adam first struck the defendant to the rock when defendant was trying to arrest him lawfully." [sic] (M. Reduce Sentence, 7.)  Whether a police officer's shooting of a fleeing felon is justified is

---

[1] The petitioner's Motion to Reduce Sentence was not originally designated as a 28 U.S.C. § 2255 motion.  On January 12, 2006, the Court ordered Williams to clarify whether he intended to file a § 2255 motion when he filed his Motion to Reduce Sentence.  In his January 31, 2006 Motion to Elect [docket entry no. 70], the petitioner informed the Court that he had intended to proceed pursuant to § 2255.  Then, on February 7, 2006, the petitioner refiled his Motion to Elect, which was docketed as a Motion to Vacate Sentence [docket entry no. 71, civil docket entry no. 1].  The substance of the petitioner's § 2255 motion is found in his Motion to Reduce Sentence [docket entry no. 59].

governed by the Fourth Amendment's reasonableness standard.  See Brosseau v. Haugen, 543 U.S. 194 (2004), citing Graham v. Garner, 471 U.S. 386, 388 (1989).  Reasonableness under the Fourth Amendment is a question of law.  Bazan v. Hidalgo County, 246 F.3d 481, 490 (5th Cir. 2001).  On Williams's direct appeal, the Fifth Circuit determined that there was ample evidence to support the jury's finding that the shooting was unreasonable.  See United States v. Williams, 343 F.3d 423, 435-36 (5th Cir. 2003).  Inasmuch as "it is firmly established that an issue disposed of on a prior appeal will not be reviewed again by way of [a § 2255] motion," the petitioner's argument must be dismissed.  Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967), cited in Ugarte-Veizaga v. United States, 452 F.2d 1194, 1195 (5th Cir. 1972).

**II.  The Court's Alleged Exclusion of Williams from *In Camera* Proceedings**

Williams claims that he was denied his "due process right to attend the *in camera* proceedings."  (M. Reduce Sentence, 8.)  At trial the Court explicitly informed the petitioner that he had a right to attend all proceedings, including those at sidebar and in chambers.  Moreover, the Court explained to the petitioner that if he elected not to be present at such proceedings, he would be deemed to have waived his presence.  A review of the record indicates that at each *in camera* hearing, either the petitioner was present or waived his presence.  There were four instances during

Williams's trial where the Court held a hearing outside of the jury's presence.  Three times, the defendant was present.[2]  The only hearing held without the petitioner was a short motion in limine hearing which was held before opening arguments.  (See R. 5.)  Williams was represented by counsel at the hearing, and his counsel did not object to Williams's absence.

A criminal defendant "has a due process right to be present at a[n *in camera*] proceeding 'whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge . . . [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" United States v. Gagnon, 470 U.S. 552, 525-26 (1985) (*per curiam*) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934); see also Kentucky v. Stincer, 482 U.S. 730, 747 (1987) (holding that defendant's absence did not violate Due Process Clause because defendant failed to show that his presence "would have been useful").  At trial, the petitioner was represented by two very capable, seasoned attorneys.  Williams does not dispute that at each *in camera* proceeding held by the Court, at least one of his attorneys was present.  Likewise, the petitioner does not argue that his attorneys failed to adequately represent his interests during those hearings.  Since the petitioner has failed to show

---

[2](See R. at 283, 494, 517.)

that his absence resulted in the denial of a fair and just hearing, the Due Process Clause of the Fifth Amendment is not implicated.

Moreover, even if the Due Process Clause was applicable to the petitioner, Williams waived his right to be present at the hearings.  The record clearly reflects that the defendant waived his right to be present while the motions in limine were being argued.  (R. at 5.)  A criminal defendant may waive his right to be present by his voluntary absence.  Gagnon, 470 U.S. at 528.  Accordingly, a defendant's waiver of his right to attend does not have to be expressly made on the record.  Id.  Inasmuch as the petitioner was advised of his right to be present at all *in camera* hearings and that his absence would be deemed a knowing and voluntary waiver, Williams cannot now claim that he was deprived of due process by his voluntary absence from a pretrial motion in limine hearing.

### III. The Alleged Subornation of Perjury by the Prosecution

Williams claims that the government suborned the perjury of two fact witnesses who testified against him at trial. Specifically, the petitioner alleges that the government promised co-defendant Deputy Robert Earl Barfield that if he would testify falsely against Williams, Barfield would be sentenced to house arrest rather than jail time.[3]  In addition, the petitioner claims

---

[3] After the shooting, Deputy Barfield repeatedly kicked the victim.  Deputy Barfield was charged with violating 18 U.S.C. § 242.

that the government promised Victim Adam Hall that if he would perjure himself at Williams's trial, the government would "not bring up any charge against him." [sic]  (M. Reduce Sentence, 5.)

"[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976).  For his sentence to be vacated due to the use of perjured testimony against him, the petitioner must show that: (1) the testimony was false, (2) the testimony was material, and (3) the prosecution knew that the testimony was false. United States v. Blackburn, 9 F.3d 353, 357 (5th Cir. 1993).  The mere existence of "conflicting or inconsistent testimony is insufficient to establish perjury." Kutzner v. Johnson, 242 F.3d 605, 609 (5th Cir. 2001).

Williams has offered no evidence to support his bald allegations of government suborned perjury.  Instead, the petitioner relies solely on his conclusory statements that Deputy Barfield and Victim Hall perjured themselves.  He does not challenge the testimony of Chief Billings, Betty Hall, or Allen Windom.  These three witnesses, consistent with Deputy Barfield and Victim Hall, testified that the petitioner fired upon Hall while Hall was standing still with his hands above his head.  As such, either all of the witnesses gave perjured testimony, or none of the

witnesses perjured themselves.  Since the petitioner has failed to provide any evidence of false testimony or the government's knowledge of that alleged false testimony, his claim of government suborned perjury is insufficient under Blackburn and Kutzner. Moreover, since the petitioner failed to offer any proof of his claims, he is not entitled to an evidentiary hearing.  See Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir. 1996) (holding that mere conclusory allegations of equal protection violations did not warrant evidentiary hearing); Taylor v. Maggio, 581 F. Supp. 359, 363 (D.C. La. 1984) ("mere naked charges without some rational basis in supportive fact are not enough" to warrant an evidentiary hearing).

## CONCLUSION

Since Williams's argument that he was justified in shooting Adam Hall was disposed of by the Fifth Circuit on Williams's direct appeal, it cannot be reviewed again as part of a § 2255 motion. Inasmuch as the petitioner waived his attendance to the *in camera* pretrial motion in limine hearing, he was not deprived of due process by his absence.  Lastly, since Williams failed to provide any evidence to support his contention that the government suborned perjury from two fact witnesses, his subornation claim must be dismissed.  Accordingly,

IT IS HEREBY ORDERED that the petitioner's Motion to Reduce Sentence [**docket entry no. 59**] is **DENIED**.

IT IS FURTHER ORDERED that the petitioner's Motion to Elect [**docket entry no. 70**] is **GRANTED.**

IT IS FURTHER ORDERED that the petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [**criminal docket entry no. 71; civil docket entry no. 1**] is **DISMISSED WITH PREJUDICE.**

A separate judgment will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 1st day of December, 2006.

S/DAVID BRAMLETTE<br>UNITED STATES DISTRICT JUDGE